1821.

AYMAR
v.
BILL.

AYMAR *against* BILL and others.

Though a mortgagee may, by way of extinguishment, release all his in-·. terest to the mortgagor ; yet he cannot convey it as a subsisting in- terest, absolutely, or by a way of mortgage, to a third person; espe- cially, when the mortgage has not become absolute, and there has been no foreclosure    For the debt cannot reside in one person, and the pledge in another.

*December* 31st.    BILL, to forclose a mortgage executed to the plaintiff, by the defendants *Bill* and *J. D. Crane,* on the 26th of *August,* 1818, upon a house and lot in the *fifth* ward ; and also *upon a house and lot in Vandewater street, in the city of New-York.* The mortgage was executed to secure the payment of a bond for 4,500 dolllars, given by those two defendants to the plaintiff, to secure the purchase money of the house and lot. in the *fifth* ward, which the plaintiff had then sold, and conveyed to those two defendants. The mortgage was duly registered on the day after its date. The defendant *Bill,* had previously, on the 9th of *April,* 1817, mortgaged the lot in *Vandewater* street to the de- fendant *J. D. Crane,* to secure the payment of one thou- sand dollars, which mortgage was registered on the same day, and was assigned by *J. D. Crane,* on the 22d of *September,* 1818, to *V. Fare,* of whom the defendant *F.* is administratrix , and she, by her answer, claimed a prefer- ence over the plaintiff.

The question was, whether the mortgage to the plaintiff had a priority of lien over the mortgage executed by the defendant *Bill* to the defendant *Crane,* upon the lot in *Vandewater* street.

The point was argued by *Dyckman,* for the plaintiff, and by *J. L. Riker,* for the defendants.

The counsel for the plaintiff contended that the plain-
tiff had acquired an interest in the *Vandewater* street lot,
by the mortgage from *Bill*, the owner of the equity, and
was in a capacity to accept of a conditional release from
*Crane* of his interest as mortgagee. He admitted, that so
far as related to third persons, who had no interest in the
pledge, the interest of the morgagee could not be sold or
mortgaged separately from the bond or debt. A mortga-
gee may take a release of the lien of a judgment. It is
every day's practice; and why not take the release of the
lien of a mortgage? Might it not have been done by a formal
instrument, reciting all the circumstances? Here the mort-
gage deed has sufficient granting words. It releases all
the " Estate, right, interest, claim and demand whatso-
ever," of the two mortgagors to the lot in *Vandewater*
street, as well as to the lot in the *fifth* ward.

The counsel for the defendant *F.* insisted, that *Crane*
had no interest in the lot in *Vandewater* street which he
could sell or mortgage, as the mortgage was a mere securi-
ty for the debt. (1 *Mad. Ch. Tr.* 11 *John. Rep.* 534.
4 *John. Rep.* 43. 1 *P. Wm.* 460. *Domat*, b. 3. tit. 1
*Art.* 9.) A mortgage may be released, which is not
here pretended; but it cannot exist independent of the
debt. Nothing passed by the mortgage from *Crane* but
his interest in the land purchased from the plaintiff, and
nothing more was intended to pass. There is no estoppel
against him, because he had an interest, which passed by
the mortgage. *(Co. Litt.* 42. a. 327. b.) The plaintiff
had no interest *prior* to the mortgage, on which the release
could operate.

THE CHANCELLOR. The interest of *Crane*, as mortga-
gee of the lot in *Vandewater* street was not, at the time
of the execution of the mortgage to the plaintiff, an inter-
est in the land, capable of being the subject of sale, either
absolutely, or by way of mortgage, *distinct* from the debt

1821.

ATMER
v.
BILL.

it was intended to secure. It does not appear from the case that the debt to *Crane* was even due, when the mortgage to the plaintiff was executed ; and it is clearly to be inferred, that the mortgage had not been foreclosed, or possession taken under it. Though such a mortgage interest may be, by way of extinguishment, absolutely *released* to the party, having the equity of redemption, yet it cannot be conveyed as a still subsisting interest, by way of mortgage, because that would separate the debt and the pledge, the latter to reside in one person, while the debt resided in another. This cannot be done ; and the case of *Jackson* v. *Willard*, (4 *Johns. Rep.* 41.) is decisive on the point. It is evident, that no such absolute release was intended in this case ; and the act of *Crane* in uniting in the mortgage with *Bill*, is rather to be referred to the legal estate which he derived from the plaintiff, than to his interest as such a mortgagee. He had an interest, which he was capable of mortgaging, and which he no doubt intended to mortgage. and the mortgage deed can have full operation by being applied to that interest. It cannot be applied to his interest as a mortgagee in the other lot, consistently with principles of law, because he had no interest, in that character, capable of alienation, so long as he retained the debt.

There must be a sale of the mortgaged premises including the lot in *Vandewater* street, but with a reservation of the junior right of the defendant *F.* to the proceeds of that lot.

Decree accordingly.