## THEODORE MOSES *vs.* MARY RANLET, *adm'x. of* HENRY A. RANLET.

When a claim against an insolvent estate is secured by a mortgage of land, the commissioners should allow the whole claim, and not deduct first the value of the land, and allow only the residue of the claim.

THIS was an appeal from the report of the commissioners, on the estate of *Henry A. Ranlet*, deceased and insolvent.

The claim of the plaintiff was founded on a note from said *Henry* to *Teresa Orne*, for $3194 78, secured by a mortgage of real estate. The note and mortgage had both been duly assigned to the plaintiff, and the land described in the mortgage was not equal in value to the amount of the note. When the plaintiff exhibited his claim to the commissioners, the ad-

ministratrix contended, that the value of the land should first be deducted from the whole amount of the note, and only the balance allowed in their report. On the contrary, the plaintiff contended for an allowance of the whole note in their report, and his right after receiving a dividend on the whole, to hold the mortgage as security for what should then remain unpaid. The commissioners adopted the latter course, whereupon the defendant filed her objections, and the plaintiff was compelled under the statute, to prosecute his claim here by way of appeal.

*J. Smith*, for the plaintiff.

*Sullivan*, for the defendant.

Woodbury, J. The first position in favor of the decision of the commissioners is, that the whole note was due to the plaintiff, and should, therefore, be allowed in their report.

This position appears to us unanswerable. The power of commissioners to " receive, examine and adjust all claims of the creditors,"(1) so far from being a warrant to reject part of a claim, honestly due, is subject to be revised by an appeal, and the just amount ascertained by a court and jury, as at common law. 1 *N. H. Laws*, 220.

(1) 1 N. H. Laws 218.

It is not pretended, that any part of the sum allowed by these commissioners had previously been paid or released, and the only ground for its rejection seems to be the circumstance, that the plaintiff has for its eventual payment collateral security. But in ordinary cases this circumstance is no objection to a suit, and recovery of the whole claim, since the creditor can in no way obtain but one payment of his demand. Such, it is admitted, would be the course here were the debtor alive. But the death of the debtor cannot in itself change the principles of justice or the terms of the contract ; and the statute does not profess to make any change, except to introduce an equal dividend among the creditors of such estate as belonged to the insolvent at his death. 1 *N. H. Laws*, 218.

Property mortgaged, however, belongs to the mortgagee, save an equity of redemption ; and that equity of redemption is equally divided among the creditors. But it is con-

62

Moses
vs.
Ranlet.

tended that by the statutes of bankruptcy, the whole mort-gaged land reverts to the common mass, and the mortgagee receives only a proportionate share out of the whole; and that this provision furnishes an analogy for the position of the defendant. But this rule in cases of bankruptcy is the consequence of an express statute, and is not, in all respects, the rule contended for by the defendant. 1 *Atkyns* 528.—4 *Brown. Ch.* 548.—*Cooper on Bank,* 186.

But if from some fancied equity we should adopt it, the effect would be utterly to change the law as to pledges and mortgages, and introduce a condition, making them revest in the representatives of the former owner on his death, with-out either a payment or release of the principal debt. An alteration of this character belongs to the legislative, rather than the judiciary department.

Other difficulties in the course proposed by the defendant seem insurmountable. To hold that a collateral security of any kind, operates as full payment by the debtor's death, would be unprecedented.

When property pledged is unequal in value to the debt, to hold that it is payment to the extent of its value, would still occasion insuperable inconveniences; for who is empowered by our present laws to fix this value; the judge of probate, the commissioners, or the parties in interest?

By what process likewise, can a mortgage estate be ren-dered absolute in the mortgagee, unless he choose to enter or to foreclose by a suit for condition broken? and in what tribunal resides the power to compel a conveyance of it by him to third persons, at an appraised value, unless his whole debt is paid?

On the contrary, the rule adopted by these commission-ers accords with the contract of the parties. The land can be held no longer than till payment of the whole debt. It accords with real equity; because after payment of the whole debt by means of a dividend from the rest of the es-tate, and advances of the residue from the administrator, the land reverts to the administrator, and may under license be

sold to remunerate his advances, and reduce farther other claims against the estate. Because, too, the land is security for the whole debt, and not simply for an amount equal to the value of the land; and in all other cases can be held till every part of the debt is satisfied out of the residue of the estate. Moreover, we apprehend that this rule accords with the weight of authority. For though the 16 *Mass. Rep.* 308, seems opposed ; yet the doctrines contained in the following cases are in support of our conclusions. 1 *Barn. & Ald.*—1 *Thomas et al. vs. Courtnay.*—2 *Maul. & Selw.* 39, *Semb.*—2 *Mass. Rep.* 302, *Hatch et al. vs. Brooks.*—6 *Mass. Rep.* 149. *Judgment affirmed.*