## SMITH *vs.* WHITTIER.

The parties in an action before a justice of the peace, in the state of Maine, after a trial, agreed that the action should be continued for judgment to such time as the justice should appoint, who afterwards appointed a day, but did not give notice—*Held* that the defendant, in an action upon the judgment rendered against him in that suit, could not object that the magistrate rendered judgment without making proclamation of the time to which the action was continued, according to the laws of Maine, and without giving him notice; and that having pleaded, and proceeded to trial in the original action, the defendant could not now object that no regular service had been made upon him in that suit.

DEBT on judgment rendered by John Frost, Esq., a jus-

tice of the peace in the state of Maine, September 6, 1834.

By the record of the judgment, produced on the trial, it appeared that the action was entered on the 14th of October, 1833, and was on an account. The defendant appeared and plead the general issue, which was joined, and the action was continued to February 3d, 1834, at which time the parties appeared, and being fully heard, it was agreed by the parties that the action should be continued for judgment to such time as the justice should appoint ; and that on the said 6th day of September, being the time appointed by said justice to render judgment, it appearing to him that the defendant did promise, he proceeded to render judgment.

The defendant objected, that the judgment was not duly rendered according to the laws of Maine, because it did not appear that the adjournment was by public proclamation, and because it did not appear that the defendant had any notice of the time when judgment was to be rendered, no continuance to any certain time having been entered on said third day of February, nor any notice afterwards served on the defendant. This objection was overruled.

It farther appeared, from the deposition of said Frost, that an action in favor of the plaintiff against the defendant was entered before him the 30th of September, 1833, and defaulted ; that the writ was made returnable on that day ; that on the 14th of October the defendant appeared, and the plaintiff's attorney took the writ and altered it to that day, and the action was again entered upon the same original writ ; that the defendant then plead the general issue, which was joined by the plaintiff's attorney. The action was then continued to February 3, 1834, and then continued for judgment to such time as the justice should appoint, as appears by the record.

The defendant objected, that it appeared from this evidence that no legal service had been made upon him in the original action, and that no authority existed to render judgment in such case ; but the court being of opinion that the

defendant by pleading the general issue had waived exceptions to the want of service, overruled the objection.

A verdict was thereupon taken for the plaintiff, by consent, judgment to be rendered thereon, or for the defendant, according to the opinion of this court.

*Burleigh*, for the plaintiff.

*Hale & Woodman*, for the defendant.

GREEN, J.  It has been determined in this state, that as no provision is made for the authentication of justices' judgments rendered in a neighboring state, such judgments are still to be considered as foreign judgments in this state, affording only prima facie evidence of a debt, and the merits of the original claim open to examination here, in the same manner as if no judgment had been rendered.  4 *N. H.* 450.

The defendant in this case does not contest the subject matter of the original suit, but grounds his objections to a recovery on the informalities and errors of the magistrate, in conducting the suit to judgment.

We shall not stop to consider whether a court of this state has the power to correct the errors of justices of the peace in rendering judgments in a neighboring state—being of opinion that the exceptions taken by the defendant cannot avail him.

The first objection is, that public proclamation was not made of the adjournment of the action from the 3d of February, 1834.

The object of such proclamation must be to give the parties concerned distinct information of the time to which the case may stand continued for trial.  Here the cause, by agreement of parties, was continued for judgment to such time as the justice should think proper to appoint.  The required proclamation was, therefore, useless and unnecessary. Besides, as no particular day was understood to be appointed

at that time, to which the adjournment should be made, the notice by proclamation was rendered impracticable, and that by the arrangement which the parties had themselves made.

Another objection is, that the defendant had no notice of the time when judgment was rendered.

It is proper to remark here, that there had been a full hearing of the parties, on the merits of the case, and that when a case is continued for judgment it is understood that there is to be no further hearing of the parties, but that the delay is for the purpose of enabling the court to make up their opinion, or for some other purpose beside hearing the parties.

Although it cannot be said that the proceeding in relation to the continuance for judgment was in form perfectly regular, yet as the parties, with a full knowledge of their rights, agreed to it, the defendant cannot be heard in making it the grounds of an exception. It would be permitting him to take advantage of his own wrong. There was no provision in the agreement, that the justice should give notice; and the arrangement having been made by agreement, it was not his duty to do so.

The last objection is, that no legal service was made on him to appear on the 14th of October, 1833.

Although the justice conducted improperly in permitting the attorney to alter the writ from the 30th of September, 1833, to the 14th of October, and the conduct of the attorney was equally reprehensible, yet as the defendant plead to the action, and took a trial on the issue, he thereby clearly waived all exceptions to the want of regular service.

As the grounds of the judgment have not been contested, and the objections to the proceedings are overruled, there must be *Judgment on the verdict.*