# THE STATE *vs.* PRATT.

An indictment will be bad, if the offence charged appear to have been committed after the finding of the indictment.

An indictment, found on the 18th day of January, 1843, charged the respondent with the commission of an offence on that day.—*Held,* that as the offence was charged in the past tense, the plain import of the language used was, that it was committed before the indictment was found.

Except where technical expressions must be used, no different construction is to be given to the words of an indictment from that which they bear in ordinary acceptation.

INDICTMENT, for selling spirituous liquors without a license. The jury returned a verdict of guilty, and the defendant

moved the court to set aside the verdict and for a new trial, for the following reason, viz.: because the bill of indictment purported, in its caption, to have been found "on the third Tuesday of January, A. D. 1843," which was on the 18th day of said January, and the offence is alleged, in said indictment, to have been committed on the same 18th day of January, 1843, but it is not alleged that it was committed before the finding of the bill.

*Wiggin*, for the prisoner, contended that the indictment was bad, because it did not appear but that the indictment was found before the commission of the offence. He admitted that the time was not material in general, but argued that the offence must not be laid on an impossible day in relation to the indictment, which, he said, was the case here.

*Woodman*, County Solicitor. This exception is frivolous. The indictment charges the commission of the offence in the past tense. It alleges that an offence *had been* committed. Such is its plain meaning, and if so, it is immaterial whether the offence was committed on the day the indictment was found, or on some prior day.

GILCHRIST, J. It is held that no indictment can be good without precisely showing the year and the day of the material facts alleged in it. And if the indictment lay the offence on an uncertain or impossible day, as where it lays it on a future day, or lays one and the same offence on different days, or lays it on a day which makes the indictment repugnant to itself, it is void. *Hawk. B.* 2, *ch.* 25, § 75. The allegation of time and place, however, is sometimes necessary to be proved, and sometimes not. *Rex* vs. *Aylett*, 1 *T. R.* 69; *Purcell* vs. *Macnamara*, 9 *East* 157. The defendant may be convicted upon proof of the offence at any other time, whether before or after the day laid, so that it were before the time when the indictment was preferred. *Hawk.*

*B.* 2, *ch.* 46, § 179; *Charnock's case,* 1 *Salk.* 288. The indictment will be bad, if the offence appear to have been committed after the finding of the indictment. The prisoner was indicted for burglary on the 18th day of October, 23 *Geo.* 3, and the indictment was found in August, 23 *Geo.* 3. The offence was really committed on the 18th day of October, 22 *Geo.* 3, and the conviction was held wrong. *Russ. & Ry. C. C.* 432, (*n.*) Except in particular cases where precise technical expressions are required to be used, there is no rule that other words shall be employed than such as are in ordinary use, or that in indictments or other pleadings, a different sense is to be put upon them than what they bear in ordinary acceptation. *The King* vs. *Stevens,* 5 *East* 244.

It is unnecessary to allege in terms that the offence was committed before the finding of the bill, if such be the plain import of the indictment. The allegation of the offence is in the past tense. The bill alleges that the offence had already been committed ; and applying to it the rule stated in the case of the *King* vs. *Stevens,* no one can doubt that the respondent is charged with the commission of an offence before the indictment was found. Entertaining this opinion, we think the respondent's motion must be denied.

*Judgment on the verdict.*