# SULLIVAN,

## JULY TERM, A. D. 1844.

## LOVELL & ux. *vs.* SABIN.

Instructions to an officer to attach personal property at a certain place, and " to do the best he could," give him no discretion beyond that of acting to the best advantage, in his opinion, in making the attachment.

Whether a loss by fire, or such inevitable accident as could not have been guarded against, would excuse an attaching officer for not delivering the property in satisfaction of the judgment and execution, *quære?*

To an action against an officer for not applying, in satisfaction of an execution, personal property attached by him on the original writ, it is no defence that such property has been taken by a trespasser from the custody of himself or his keeper.

Where the usage of the courts is, that, in cases not specially ordered otherwise, judgments shall be entered up as of the last day of the term, and adjourned sittings of the court have been holden, the judgment day of the term is that on which the court adjourn without day ; and the thirty days for which the lien by attachment remains are, (except in special cases,) to be computed from that day, and not from the last day of the prior sittings.

An officer who has made the attachment on an original writ has no particular claim to have the execution which issues in the action delivered to himself; but he is bound, on demand, to surrender the property so attached to any other qualified officer to whom the execution may have been delivered.

A motion in arrest of judgment on a verdict, upon the ground that there was no evidence which could maintain the declaration, will not be sustained.

If the court seal and the signature of the clerk were taken from a summons, and affixed to and used as the seal and signature of a writ, the writ would, on motion seasonably made, be quashed.

A plea to the merits is a waiver of an irregularity in the seal or signature of the clerk on the original writ.

CASE against the defendant, as a deputy of the sheriff of the county of Sullivan.

The declaration contained four counts. The first count set

forth that on the 4th day of December, A. D. 1839, J. H. Bing-ham was indebted to the plaintiffs upon a certain note, &c., upon which day a suit was commenced on the note, returnable at the court of common pleas for this county, 1840, and the writ deliv-ered to the defendant for service, with directions to attach the per-sonal property of Bingham at the Edminster farm, in Cornish, designated and pointed out to him, being sufficient to satisfy the plaintiffs' debt and all other writs of attachment then in the hands of the defendant, to be by him first served on said property.

The declaration then set forth the various articles of personal property, and alleged that the defendant neglected and refused to attach all the aforesaid property, but omitted and neglected to attach a part thereof, (which articles so omitted are enumerated in the declaration,) as he might and ought to have done, and made his return of the attachment of a part of the aforesaid property only, (which articles so returned are enumerated in the declaration.)

. The declaration then alleged that the writ was duly returned, and that at the October term, 1840, judgment was recovered by the plaintiffs against Bingham for $767.20 debt, and $11.41 costs, upon which judgment execution was issued on the 30th day of November, A. D. 1840, which, on the 8th day of December, then next, was delivered to Theron Metcalf, deputy sheriff, and within thirty days from the rendition of said judgment; and that Metcalf on the same day demanded of the defendant the property so attached and returned by him as aforesaid upon the plaintiffs' writ; but the defendant refused to deliver the same, by means of which neglect the plaintiffs have lost their debt, and the execution remains unsatisfied.

The second count, after setting forth the existence of a debt against Bingham, and the other preliminary facts, alleged that the writ was delivered to the defendant on the 4th day of Decem-ber, A. D. 1839, to be duly executed, served and returned, ac-cording to the precept thereof, and that the defendant, by virtue of said writ, attached, at the Edminster farm, certain articles of personal property belonging to Bingham, (which articles are enu-merated in the count;) that the action was entered and judgment

recovered, (as alleged in the first count,) and the execution delivered to Metcalf, who on the 8th day of December demanded the property attached of the defendant; but that the defendant did not deliver the same, but neglected to retain it in his possession for the space of thirty days after the rendition of the judgment, but had released and discharged the property from the attachment, and had permitted it to be taken away, by means whereof, &c.

The third count alleged that the defendant, having the writ, attached certain property belonging to Bingham, at the Edminster farm, (described in the count,) of the value of $1000.00, and fraudulently returned upon said writ a part only of the property so attached, (which was described,) and fraudulently omitted to return the remainder; and that the execution which issued upon the judgment recovered in said suit was delivered to Metcalf, who demanded the property attached of the defendant, but he fraudulently neglected and refused to deliver it, by means whereof, &c.

The fourth count was abandoned.

The defendant pleaded the general issue.

In relation to the attachment of the property of Bingham at the Edminster farm, the plaintiffs offered in evidence the writ in their favor against Bingham, by the return upon which it appeared that the defendant had attached certain property of Bingham thereupon, and he admitted that he had never accounted for said property, and that the plaintiffs had never derived any benefit from the attachment. It was also admitted that on the day of the service of the writ, Bingham was indebted to the plaintiffs, and that they recovered judgment against him at a term of the court holden by adjournment in November, from the October term, 1840. The court was holden upon the third Tuesday of October, and after remaining in session for a few days was adjourned to some period in November; and more than thirty days elapsed from the day of adjournment in October to the 30th day of November, the day on which the plaintiffs' execution against Bingham is dated. The defendant objected, that as he was bound to retain the property attached only thirty days from the

rendition of the judgment, the demand made upon him by Metcalf upon the 8th day of December was too late; but the objection was overruled by the court.

It appeared that on the 4th day of December, A. D. 1839, the day on which the plaintiffs' writ was served, Uriel Dean was the agent of the plaintiffs, who then resided and now reside in Massachusetts. Mr. Glidden, a partner with Mr. Dean, on that day went with the defendant to the house of Mr. Bingham, the defendant then having a writ in favor of Glidden & Dean against Bingham, which he was directed to secure first by attachment, and also the plaintiffs' writ against Bingham. The defendant then attached the property at Bingham's house, and put a person in possession of it, and Glidden then directed him to proceed directly and secure the debts by attaching Bingham's property at the Edminster farm and also at the Sholes farm, and do the best he could, and keep all still, for they would probably be settled.

The defendant then went to the Edminster farm, and attached the property there, and put a person in possession of it, and thence to the Sholes farm, and attached the property there on the same day, which was also put in possession of a keeper. It was in evidence that the distance from Bingham's to Edminster's was six miles, and from Edminster's to Sholes' was eight miles.

As a defence to the claim made by the plaintiffs for the value of the property attached at the Edminster farm, the defendant proposed to prove that, on the 6th day of December, Albert M. Billings, a deputy sheriff, having in his hands certain writs against Bingham for service, went to the Edminster farm, in the absence of the defendant, and induced the person whom the defendant had left in possession of the property to leave the premises, and then carried the property away; that the defendant pursued the property and retook it; that Billings in the course of a day or two again got possession of the property, and sold it, and applied the proceeds in satisfaction of the debts of those creditors with whose writs Billings was entrusted, and that the defendant had not received any part of the proceeds of the sale of the property. But the court ruled that the evidence was inadmissible, because all these facts, if proved, would not relieve the defendant from his

liability to account for the property thus attached and returned by him at the Edminster farm.    To this ruling the defendant excepted.

The defendant contended that, as it appeared when the writ was delivered to him for service, he was directed generally to attach Bingham's property at the Edminster farm, and that, as the property was not described nor pointed out to him, he was not bound to attach it, and could not be held liable if he did attach it.    But the court ruled that as he did not request, at the time, that the property should be pointed out to him, and did not make any objection because the property was not pointed out to him, but proceeded to attach it, and actually returned it upon the writ, he could not now avail himself of this objection.

The defendant also contended that as Bingham was at this time in failing circumstances, and as he was directed to attach the property at the Edminster farm and then at the Sholes farm, and do the best he could, he had discharged all his duty by putting a suitable person as keeper over the property attached at the Edminster farm, and was not liable for the property if it were afterwards taken from the possession of his bailee or agent by another officer.

The defendant also contended that the execution recovered by the plaintiffs against Bingham should have been delivered to him, and that, as it was delivered to Metcalf and not to him, he could not be made liable.    The court overruled these objections.

It was admitted that when the suit was commenced, Bingham owed the plaintiffs a debt, secured by mortgage of real estate in Claremont, which mortgage was foreclosed on the 26th day of March, A. D. 1843, and that the proceeds of the sale of the property attached and retained by the defendant at the Edminster farm were more than sufficient to pay the amount due the plaintiffs, after deducting the value of the land mortgaged.

A verdict was taken for the plaintiffs, by consent, for the amount due them from Bingham.

After the verdict, the defendant moved in arrest of judgment, because there was no evidence in the case under this declaration upon which the action could be maintained.    Also, because the

original writ does not appear to be under the seal of the court, and because the writ does not appear to be signed by the clerk of the court.

*H. Hubbard,* for the defendant. We contend that the plaintiffs cannot recover on any of the counts in the declaration.

The evidence shows that the execution was delivered after thirty days had elapsed from the adjournment of the court.

The first complaint is that Bingham was indebted ; that the plaintiffs commenced a suit ; that the defendant was directed to attach certain articles ; that he attached part only, &c.

The case finds no evidence that he had such directions. The directions were to go and do the best he could, and keep all still. There was no direction to attach any specific article.

We admit that if the directions had been to attach specific property, and he did so, he would be liable if he did not hold it. We do not contend that if he did actually attach, he was not bound to hold, if he could by reasonable diligence. But we offered to show that he put a prudent keeper over the property attached, which was all he could do. The case comes within that of *Runlett* vs. *Bell*, 5 *N. H. Rep.* 433.

The property having been taken from him, he was not bound to commence a suit to recover it. 9 *N. H. Rep.* 133, *Howard* vs. *Whittemore.*

The signature of the clerk to the writ seems to have been taken from an old writ or summons.

*T. Leland,* for the plaintiffs. 1. The objection that the execution was not delivered to an officer within thirty days, cannot prevail, because the adjourned session was only a continuation of the October session, and the execution could not issue till the 30th of November, unless by special order of court.

2. The defendant ought not to be permitted, after he had made an attachment and returned the property so attached, sufficient to secure the debt, and had the same in his legal custody, to show that another officer had taken it out of his possession and custody. Goods attached on mesne process are in the custody of the officer

Lovell *v.* Sabin.

making the attachment, till thirty days after judgment ; and if any loss happens, the officer is liable. 11 *Mass.* 242, *Phillips* vs. *Bridge ;* 12 *Mass.* 163, *Tyler* vs. *Ulmer ;* 15 *Mass.* 10, *Congdon* vs. *Cooper ;* 5 *N. H. Rep.* 527, *Dunklee* vs. *Fales.* If the officer deliver them to a third person, or put a keeper over them, it is the same as though he had them in his actual custody. They are in law in his custody, and he is bound to keep them. 5 *N. H. Rep.* 527 ; 16 *Mass.* 5 ; 19 *Pick.* 520, *Donham* vs. *Wild.*

3. The ruling of the court respecting the directions given to the officer to make the attachment, was correct. It is clearly settled by authority, that if the officer take the writ with general directions, without objection, he is bound to attach the defendant's property ; and if he does attach, he is bound by such attachment, and cannot object afterwards, as a justification for not keeping and delivering the property so attached, the want of a special and specific direction to attach the various articles. 6 *N. H. Rep.* 405–409, *Ball* vs. *Badger ;* 4 *Mass.* 60, 63, *Marshall* vs. *Hosmer ;* 7 *Mass.* 123–126, *Bond* vs. *Ward.*

4. The defendant says, as he put a suitable keeper over the property, he did the best he could, and is therefore not answerable for the property. If this excuse be sufficient, every officer would have it to offer for his negligence. If an officer takes a process, to do the best he can, he is bound to be faithful, and is liable for his negligence. 11 *Mass.* 177, *Walker* vs. *Haskell ;* 9 *Mass.* 269, *Barnard* vs. *Ward.*

5. The defendant complains that the execution was not delivered to him, but to another officer. This defendant was then out of office.

Deputies are nothing but the agents of the sheriff, and a delivery to a deputy is in law a delivery to the sheriff (although by the decision in this State a deputy may be made directly liable,) and whenever a process issues, it is immaterial what deputy has it. It is, in the eye of the law, in the hands of the sheriff, and the creditor may deliver it to what deputy he pleases. 5 *Mass.* 271 ; 9 *Mass.* 112 ; 2 *N. H. Rep.* 69, *Odiorne* vs. *Colley.*

6. After verdict, the defendant moves in arrest of judgment,

because there was no evidence in the case under this declaration upon which the action could be maintained.

. The second and third counts are general, and the proof is full in support of the allegations in those counts.

7. It is objected that the writ is not under the seal of the court, nor signed by the clerk of the court.

By inspection, the writ appears to be under seal, and has the signature of the clerk. If, as suggested, this were taken from another writ, the fact cannot be taken advantage of in this way after verdict.

PARKER, C. J. The instructions to the defendant to do the best he could in serving the writ, gave him no discretion beyond that of acting to the best advantage, in his opinion, in making the attachment.

There is nothing in the case to show that when an attachment was made, the defendant was to be at liberty to release the property, or neglect any of his ordinary duties as a deputy sheriff.

Having made an attachment, it was his duty to keep the property safely, to answer on the judgment unless a receipter was procured. Perhaps a loss by fire, or such inevitable accident as could not have been guarded against, might excuse him ; but it is not necessary to consider that here.

A sheriff is authorized to take a receipt. And where the property is receipted the case has been assimilated to the case of bail ; and it has been held that the sheriff, having taken the security of a person apparently solvent at the time, is not responsible that he shall continue so. This is a relaxation of the principle, as formerly understood.

But the principle upon which this proceeds cannot be extended to exonerate the defendant from his responsibility in this case. The sheriff in that case has yielded up the custody of the property upon receiving a security that it shall be forthcoming to answer the judgment which the law deems sufficient, in the same manner that he releases the body from an arrest, upon receiving the engagement of the bail that it shall be forthcoming upon the rendition of the judgment and the issuing of an execution.

Lovell *v.* Sabin.

But the taking of the property attached, from the possession of the officer who made the attachment, by one who has no authority to seize it, is not within the reason which may excuse the non production on the ground of inevitable accident, and it furnishes no security for the debt.

We are not aware of any authority that the sheriff is excused from his duty to retain and apply the property, because it has been taken from him by a trespasser. It might be very mischievous to hold that this furnished any excuse, except it should be for delay until the sheriff could pursue the trespasser to judgment.

The objection that the attachment was lost because the execution was not delivered to the officer within thirty days after the adjournment of the court, is without any foundation. The sittings at the adjournment formed part of the term, and, as suggested by the counsel for the plaintiffs, they could not have had their judgment entered up, and their execution, (except by a special order,) until the adjournment without day.

The exception that the execution was delivered to another officer and not to the defendant, has been rightly abandoned in the argument. It is clear that that forms no defence in the case.

There is no foundation for the motion in arrest of judgment. If it be true that all the allegations in the first count were not proved, that is not matter in arrest. No exception is taken that there is not a sufficient cause of action alleged in that and also in the other counts.

The objection to the writ, that the signature of the clerk has been taken from a blank summons, cannot be taken advantage of at this stage of the proceedings. Had it been made in season, by a motion to quash the writ, we should have granted it. But it is too late for that motion, after plea, issue, trial and verdict. The defendant has admitted it to be a regular writ, by pleading to the merits.

*Judgment for the plaintiffs.*