# SMITH *vs.* SMITH.

After a mortgagee has entered into possession of the premises, his deed will transfer his right of possession to his grantee, who by virtue of it may defend against a writ of entry brought against him by the mortgagor.

A deed by a mortgagee before entry will convey no interest to the grantee, unless the debt secured by the mortgage be transferred.

The mere fact that the mortgagee has the right to transfer the debt to his grantee, will not cause the deed to convey an interest in the land, if the debt be not transferred.

An entry by the grantee of the mortgagee before an entry by the latter, and without the possession required by the statute, is of no effect, and his deed will convey no interest.

A writ of summons, authorized by sect. 8, ch. 209, of the Rev. St., relating to actions against tenants, must be signed by a magistrate. If not signed, the objection when properly taken will be fatal. It will not be sufficient if the writ be merely tested by a magistrate.

But a writ of possession, issued upon an invalid writ of summons, to which no exception was taken, and by virtue of which a mortgagee entered into possession of the premises, was *held* sufficient to give him a right of possession which he could convey by his deed.

Upon the trial of a writ of entry, brought by a mortgagor against a person to whom the mortgagee had conveyed the land with warranty, the mortgagee upon being released from his covenants is a competent witness far the tenant.

The possession, by the mortgagor, of the notes secured by the mortgage, is *primâ facie* evidence that they have been paid by him.

But the presumption of payment may be rebutted by evidence that the mortgagee, supposing erroneously that the mortgage was foreclosed, and thinking that the mortgagor was entitled to them, delivered them to him without payment.

The admission of such evidence is not in contravention of the principle that money paid under a mistake of the law cannot be recovered back.

WRIT OF ENTRY, to recover a tract of land situated in Acworth, containing about eighty-two acres.

Plea, nul disseizin.

The demandant, Henry Smith, Jr. gave in evidence a deed of warranty, conveying the demanded premises from his father, Henry Smith, to the demandant, dated on the 14th day of April, A. D. 1836, and duly acknowledged and recorded.

It was admitted that the demandant entered and took possession of the premises described in this deed, and remained in possession thereof until the 19th day of May, A. D. 1843.

The tenant, Franklin A. Smith, then offered in evidence a deed executed by the demandant, and dated on the 14th day of April, 1836, reconveying the premises to the said Henry Smith in fee and in mortgage, to secure the payment of certain promissory notes made by the demandant, and payable to Henry Smith, or his order, and described in the condition of the mortgage.

The tenant then offered a copy of a deed, dated on the 13th day of April, A. D. 1840, executed, acknowledged and recorded in due form; by which Henry Smith, reciting the mortgage aforesaid, and that he had agreed " to assign the said mortgage to Nathaniel G. Smith" in consideration of $592.42, does " grant,

bargain, sell, transfer and set over to the said Nathaniel G. Smith, his heirs and assigns forever, the said mortgaged premises." This deed was recorded on the 2d of May, 1843.

The tenant then proved by a witness that on the 30th day of April, A. D. 1840, he was called upon by Nathaniel G. Smith to witness an entry by him upon the mortgaged premises. They went upon the northwest corner of a tract of land, part of the mortgaged premises, containing about fifty acres, where N. G. Smith erected a pile of stones, from which point the dwelling-house upon the premises is visible; and declared that he took possession of the land for the purpose of foreclosing the right to redeem. N. G. Smith produced the assignment to himself from Henry Smith, but the witness was not certain that he then had the mortgage. They then went to the dwelling-house of the demandant, and N. G. Smith then told him that he had taken possession, to foreclose the right to redeem, to which the demand-ant made no answer.

On the 3d day of July, A. D. 1840, N. G. Smith published a notice in the National Eagle, stating his entry, &c. which no-tice was continued in said paper for three successive weeks. N. G. Smith had no other possession than that testified to on the 30th April, 1840.

On the 7th day of November, A. D. 1840, Nath'l G. Smith, by deed recorded May 2, 1843, released and quitclaimed to Henry Smith, his heirs, &c. " a certain piece of land, lying in Acworth aforesaid, which was an assignment of a mortgage deed made to Nath'l G. Smith by Henry Smith' on the 13th day of April, A. D. 1840."

On the 19th day of April, 1843, Henry Smith gave the de-mandant notice to quit the premises on the 6th day of May follow-ing. A summons was issued, under ch. 209 of the Revised Stat-utes, at the bottom of which were the following words: " Witness David Thornton, esquire, the 6th day of May, 1843 ;" and on the 17th day of May, 1843, a writ of possession was issued by the magistrate, which was executed on the 17th day of May, by the delivery of possession of the demanded premises by the sheriff to Henry Smith.

On the 21st day of June, A. D. 1843, Henry Smith, by deed of warranty in the ordinary form, conveyed the premises to the tenant.

The demandant then produced in court the notes signed by himself and payable to Henry Smith, which had never been indorsed nor delivered by the payee to N. G. Smith, and to secure which the mortgage was made.

The tenant then proposed to show, by the testimony of a witness, that more than a year after the 30th of April, A. D. 1840, when N. G. Smith made his entry to foreclose the right to redeem, the witness advised the said Henry Smith that as the right to redeem had been foreclosed, he ought to deliver the notes to the demandant. To this evidence the counsel for the demandant objected, and it was ruled out by the court. The tenant then proposed to prove by Henry Smith that he delivered the notes to the demandant without receiving the amount due thereon, and because he thought that it was his duty to deliver them to the demandant, who was legally entitled to them.

The counsel for the demandant objected to the witness, as interested on account of his liability upon his covenant in the deed to the tenant. The tenant then released the witness, and the demandant objected to his testimony, on two grounds : 1. Because a judgment in this suit against the tenant would estop the witness on account of the privity of estate between them ; and, 2. Because the witness could not explain the reason why the notes were delivered to the demandant, by proving that he acted under a mistake of the law. The court rejected the witness. It was admitted that the notes were delivered voluntarily by the said Henry Smith to the demandant, and the demandant admitted that only one payment, being the first due according to the tenor of the notes, had been made upon them.

Upon this evidence the demandant contended ; 1. That the deed from H. Smith to N. G. Smith, dated the 13th day of April, A. D. 1840, conveyed no interest whatever to the grantee in the land, because the mortgagee had never entered and taken possession of the land, either for the purpose of foreclosing or of

taking the rents and profits ; and because the deed did not purport to assign the debt secured by the mortgage, nor had the notes ever been indorsed or delivered by the payee to N. G. Smith, nor had the debt been in any way assigned to him.

2. That although the sum of about $215.00 only had been paid by him upon the notes, still the production of them cancelled was evidence that they were surrendered upon some consideration valid between the parties; particularly when it appeared that Henry Smith, the payee, was the father of the demandant.

3. That as the demandant had always remained in possession of the premises from the 14th day of April, A. D. 1836, the date of his deed from Henry Smith, to the 19th day of May, A. D. 1843, when he was ejected by the officer, by virtue of the proceedings under chapter 209 of the Revised Statutes, the entry by N. G. Smith was not a foreclosure of the mortgage, under the laws then in force, even if he had derived any title under his deed from Henry Smith, and such entry could not enure to the benefit of Henry Smith, as he never attorned to N. G. Smith, nor agreed to pay him rent, nor acknowledged himself to be his tenant.

4. That the proceedings under ch. 209 of the Revised Statutes were so defective that no possession acquired by virtue thereof could be sustained.

The demandant then offered evidence tending to show that about the first of July, A. D. 1841, Henry Smith, the father, brought the notes to the demandant, and delivered them to him, and requested him to take off his name from the notes, telling him that that was all he asked of him, and that this was all the claim he had against him ; that the demandant took them and was proceeding to burn them, when his father advised him not to do so, saying that he had better keep them, as there might be some trouble about them, and calling upon a person present to bear witness to the transaction.

The tenant offered evidence that the demandant had said that he did not know how his father came to give him up the notes, and also that in October, 1842, he said that he did not own the land, and expected to leave the place in the spring.

It appeared from the testimony of another witness for the tenant, that the demandant had said that he could hold the land, because N. G. Smith did not hold his title long enough to acquire a perfect title in himself, and on other occasions had said that he could hold the land because his father had given up the notes to him.

The tenant contended; 1. That the deed from Henry Smith, the mortgagor, to N. G. Smith, was a conveyance of the debt secured by the mortgage.

2. That N. G. Smith acquired a title to the land by foreclosing the right to redeem, and could thus convey a title to the said Henry Smith, who had conveyed to the tenant.

3. That, as the notes had not been paid, even if the entry by N. G. Smith and the proceedings consequent thereon did not amount to a foreclosure of the mortgage, the mortgagee had a right of entry for condition broken, or to secure the rents and profits.

4. That as the mortgagee had a right to the possession, it was sufficient if he actually acquired the possession, and it was immaterial whether the proceedings under ch. 209 of the Revised Statutes were or were not in due form.

5. That, having acquired the possession, he could convey to the tenant a valid title as against the demandant.

A verdict was taken, by consent, for the demandant, subject to the opinion of the court; upon which judgment is to be rendered, or it is to be set aside and a new trial granted, according to the opinion of the court.

*Leland*, for the tenant. The mortgage deed from this plaintiff to Henry Smith gave the seizin of the premises to him, with the right of entry at any time, to take the rents and profits till condition broken, and then the right of possession for the purpose of foreclosing. 1 *N. H. Rep.* 169, *Brown* vs. *Cram*.

By the assignment from Henry Smith to N. G. Smith, in consideration of $593.42, he granted, bargained, sold and transferred, assigned and set over, the said mortgaged premises. This conveyance is an alienation of the legal estate, and to enable the

grantee to maintain an action for the recovery of the possession of the premises, and it is immaterial whether it is upon the back of the mortgage or in a separate deed. The possession taken by N. G. Smith under the conveyance is sufficient in law against the plaintiff, who is the mortgagor. He entered quietly and peaceably; informed the plaintiff, who was then in possession, what he had done; to which he gave no answer, thereby approving of what was done. It is true, he kept in possession, but made no complaint, and acquiesced in what had been done.

By the plaintiff remaining in possession, acquiescing in what N. G. Smith had done, he must be considered in as tenant, and by making such entry N. G. Smith remained in the "peaceable and continued actual possession," in a legal point of view. Before the year expired, N. G. Smith reässigned the same premises to Henry Smith, the original mortgagee, for a valuable consideration. This transferred all the interest of N. G. Smith in the premises back to the original mortgagee, and also all the rights and claims acquired in the possession.

Whether the assignment from Henry Smith to N. G. Smith was valid or not, or whether the possession taken was such as the statute requires, or not, is immaterial, as the mortgagee, by the operation of the assignment, is placed where he originally stood as to the mortgage; and the possession acquired by virtue of the mortgage is good against the plaintiff, and he is estopped by his deed from maintaining any possessory action against the plaintiff or his assigns, till the debt is paid and the mortgage is discharged.

The proceedings by the justice, under the statute, ch. 209, put H. Smith into possession; and, whether these proceedings were regular or irregular, they are conclusive upon this plaintiff, and it is now too late to call their regularity in question. That should have been done by an appeal from the decision of the magistrate; and, as it was not done, it is a waiver of all irregularities and informalities. 5 *Mass.* 97; 7 *Ditto* 209; 6 *N. H. Rep.* 12, *Batchelder* vs. *Robinson.*

A tortious entry by one who has a right of possession, is, notwithstanding, considered good in law. 7 *T. R.* 431; 1 *N. H. Rep.* 169.

If the entry and proceedings by N. G. Smith, for the purpose of foreclosing, were legal and proper, then the estate became absolute in Henry Smith, and he being in possession had a right to convey in the manner he did to this defendant.

But if there was not a foreclosure under the proceedings of N. G. Smith, then Henry Smith, being in possession as mortgagee by his conveyance to defendant, conveyed no other or greater interest than he had, which would operate only as an assignment of the mortgage ; and it is immaterial whether the deed was by warranty, quitclaim, or assignment. The mode is of no consequence if it operated as a conveyance of the premises. It carried no other or greater interest as against this plaintiff than H. Smith had at the time. 15 *Mass.* 233, *Warden* vs. *Adams ;* 4 *Pick.* 505, *Barker* vs. *Parker ;* 14 *Ditto* 374, *Hunt* vs. *Hunt ;* 15 *Ditto* 82, *Freeman* vs. *McGaw.*

The delivery up of the notes was no payment or discharge of the mortgage.

The case finds that the notes had not been paid when given up, and it farther finds that when the plaintiff was about to destroy them, H. Smith told him not to do it, but to keep them, " as there might be trouble about them ;" therefore the facts do not warrant even a presumption that the mortgage was discharged, but otherwise.

" In the trial of a real action, brought by the assignee of a mortgage against a stranger in possession, the production by the tenant of the notes which the mortgage was given to secure, does not warrant a presumption that the mortgage has been discharged, where no discharge is shown, and where the facts of the case strongly tend to prove that the notes could not have been paid to any one who was a lawful holder thereof, and an assignee of the mortgage." 3 *Metcalf* 224, *Crocker* vs. *Thompson ;* 11 *Mass.* 125–131, *Perkins* vs. *Pitts ;* 7 *N. H. Rep.* 73, 96, 7, 8, *Robinson* vs. *Leavitt.*

The confessions and acknowledgments of the plaintiff tend to show that the notes were given up without consideration, and that the plaintiff had no interest in the premises. They farther tend

to show that they were given up through mistake. The case finds the notes were voluntarily given up, and that only the first payment due had been made.

The result of the law upon these facts is, that the mortgage is not discharged, and remains in full force as a mortgage, or the title has become absolute.

But the ruling of the court on the admissibility of the witness, to show that the notes were given up by the advice of the witness who acted as counsel for H. Smith, was incorrect.

After the notes were produced by the plaintiff, it was competent for the defendant to show why and under what circumstances they were given up, and the witness who gave the advice ought to have been admitted, as tending to show that fact.

H. Smith, after his release from his covenants, should also have been admitted, because he had parted with all his interest in the land, and the notes were paid by the mortgaged property.

To establish a legal right it is competent to show the intentions as well as the external acts done. 2 *Stark. Ev., Part* 2, 739.

That Henry Smith was the father of the plaintiff warrants no presumption that a consideration was paid, when the facts tend to show the contrary, and especially when the father was poor and this was his all.

If this mortgage remains unforeclosed and has not been discharged, then this plaintiff has no other right but in equity to redeem, and has no right to the possession till he has redeemed the mortgage, and cannot maintain his suit.

If the possession of the premises passed from H. Smith, the mortgagee, to this defendant, the plaintiff has no right to complain when he has no right of possession.

*Hubbard,* for the demandant. The debt was not assigned by the deed. *Kittredge* vs. *Bellows,* 4 *N. H. Rep.* 424. There must be possession for a year, and therefore the possession of N. G. Smith amounted to nothing. If the tenant could hold under the deed of 1843, then the notes were cancelled by the payee in 1841, two years before the date of the deed. We put the case upon the cancelling of the notes by the payee, which ends his title.

N. G. Smith did not state the object of his entry. *Gilman* vs. *Hidden*, 5 *N. H. Rep.* 30. His entry as against us is of no avail.

GILCHRIST, J. The case finds that on the 14th day of April, 1836, the demandant's father conveyed to him the premises, and that he entered and took possession. On the same day the demandant mortgaged the premises to his father, to secure a debt, and on the 18th day of April, 1840, the father conveyed the premises to N. G. Smith, but did not deliver or transfer to him the notes.

The first question then is, whether N. G. Smith took any interest by virtue of this conveyance. In the case of *Bell* vs. *Morse*, 6 *N. H. Rep.* 210, it is said by the court that "under certain circumstances a conveyance of the land by the mortgagee will pass the debt secured by the mortgage. But, there are certain cases in which a deed of the land by the mortgagee will pass nothing. Thus where a note is secured by a mortgage, if the mortgagee has transferred the note he cannot afterwards convey the land. And we are of opinion that it is not enough to show a deed from a mortgagee, in order to prove that the land passed, but it must be made to appear that the debt passed to the grantee. At least it must appear that the mortgagee had a right to transfer the debt to the grantee." From this last sentence it may perhaps be inferred that a mere conveyance of the land will pass the debt, provided the mortgagee has a right to transfer it. The remark of the late learned Chief Justice *Richardson*, who delivered the judgment of the court in Bell *vs*. Morse, was elicited by the fact that in that case no account whatever was given of the debt secured by the mortgage, and perhaps should hardly be considered even as an intimation of his opinion. That he had such a right in this instance appears from the case. It was in the month of April, 1840, that the mortgagee made his deed to N. G. Smith, and it was not until the month of July, 1841, that he delivered the notes to the demandant. If, then, the position cited from the opinion in the case of Bell *vs*. Morse be correct, the deed to N. G. Smith transferred the debt secured by the

mortgage. But that the deed did not have that effect appears from those decisions which determine that the interest of the mortgagee before foreclosure is a mere personal chattel, incident to the debt, and having no existence except in connection with it. If the mortgagee can convey an interest by deed, and still retain the ownership of the debt, then the interest in the land is not an incident to the debt, but is something which can be distinguished from, and which has an existence independent of, the debt. In such a state of things, the interest in the land can be conveyed to one person, while the property in the debt may belong to another. This result would be entirely inconsistent with the principles recognized by this court in various cases, the last of which is *Ellison* vs. *Daniels*, 11 *N. H. Rep.* 274. In that case the intimation in the case of Bell *vs.* Morse, on which we have been commenting, is adverted to, but it was not necessary to settle the point whether a deed of the land would convey the debt. It would rather seem to have been the impression of the court, however, that it would not, and the case of *Aymar* vs. *Bill*, 5 *Johns. Ch.* 570, is cited as holding that a deed of the land would not have that effect. This is certainly the doctrine of *Aymar* vs. *Bill*, and the reason given for it is, because " that would separate the debt and the pledge, the latter to reside in one person while the debt resided in another." But even without this authority, our opinion is that a conveyance of the land does not transfer the debt, because, so long as the mortgage is considered as an incident to the debt, it cannot pass without a transfer of the principal. Consequently in this case the mortgagee's deed of the 18th of April, 1840, conveyed no interest to N. G. Smith.

The entry by N. G. Smith upon the premises was of no effect whatever. He had not the rights of the mortgagee, as has been stated ; and even if he had had the interest in the debt, there was no foreclosure. He did not retain that actual peaceable possession which the statute contemplates, for the space of one year after his entry. *Rev. St., ch.* 131, § 14. The demandant never attorned to him, nor recognized his title, nor assented to retain the possession as his tenant. N. G. Smith had no possession whatever. He did nothing but make an entry. His deed then

to Henry Smith, of the 7th of November, 1840, conveyed to the mortgagee no farther title than he had before. There having been no foreclosure, the position of the mortgagee was not and could not be changed by any conveyance that N. G. Smith could make.

It is contended that the proceedings against the demandant by the mortgagee, under ch. 209 of the Revised Statutes, were entirely nugatory. The objection is, that the writ of summons authorized by the 8th section of this chapter was not signed by the magistrate. The 5th section of ch. 182 enacts that writs issued by a justice of the peace "shall be signed by him." The writ of summons in this case did not purport to be signed by the justice. The teste was in the form prescribed by the 10th section of ch. 182, "Witness, David Thornton, esquire, the 6th day of May, 1843." But this is not sufficient. The 2d section of this chapter provides that writs issuing from the clerk's office of any court "shall be signed by the clerk." A writ not signed by the clerk would undoubtedly be a void process, for it would be defective in a matter specially required by the statute. And for the same reason this writ of summons was invalid. But the point is now immaterial. It is now entirely unimportant that there was a defect in the proceedings before the magistrate, which might have been taken advantage of in some proper mode, perhaps by a motion to quash, or by a plea in abatement. The writ, valid or invalid, has answered its purpose. It has served as the foundation of a writ of possession, issued by the magistrate, and executed by the delivery of the possession of the demanded premises by the sheriff to Henry Smith, the mortgagee, on the 17th day of May, 1843. He, then, being in possession on the 21st day of June, 1843, by deed of warranty in the ordinary form, conveyed the premises to the tenant. He was then, if the notes had not been paid, a mortgagee in possession by virtue of a process issued by a court of competent jurisdiction. He had a right to retain the possession as against the mortgagor, and this right might be conveyed, so that his grantee would stand in his place, and would hold whatever right of possession was owned by his grantor.

Smith *v.* Smith.

The question then arises whether the debt secured by the mortgage has been paid.

The production of the notes by the mortgagor was *primâ facie* evidence that they were paid. The tenant, however, proposed to prove by the mortgagee that they had not been paid. But he had conveyed to the tenant with warranty. The tenant then released the witness, and the demandant then contended, in the first place, that, notwithstanding the release, the witness was incompetent to testify, from interest, because if the demandant should recover in this suit against the tenant, his judgment would estop the witness, on account of the privity of estate between him and the tenant.

A judgment binds parties and privies by estoppel, and there is a privity of estate between the witness and the tenant, as the latter is the grantee of the former. But that is of no consequence in this case. The witness is, notwithstanding, disinterested. He stands indifferent in this suit, because, whoever may recover, he is not responsible. Since the release, he must be considered as having conveyed his interest without warranty; and as that was the only ground for holding him interested, upon the execution of the release he became competent to testify.

Can he testify to the facts to prove which he was introduced? The demandant contends that the witness could not explain the reason why the notes were delivered to him, by proving that he acted under a mistake of the law.

It is settled that where money has been paid with a full knowledge of all the facts, or with the means of such knowledge, it cannot be recovered back on account of the payment having been made in ignorance of the law. *Peterborough* vs. *Lancaster*, [14 *N. H. Rep.* 382.]

But the object of the tenant in this case was only to explain how the notes came into the possession of the demandant, and to rebut the presumption that he had them because he had paid them, or because the mortgagee had voluntarily given them to him without requiring them to be paid. Now it may be shown that a person has acted under an erroneous impression of his legal duties for the purpose of explaining acts which, without such

proof, would bear a different construction. The possession of the notes, for instance, was *primâ facie* evidence that they had been paid, but it is no violation of the principle that money paid under a mistake of the law cannot be recovered back, to prove by the mortgagee the reason why he surrendered them. Such evidence is merely explanatory. It has no connection with the principle above stated, but its competency depends upon its tendency to rebut the presumption of payment. Our opinion is, that the witness was competent, and also that he should have been permitted to testify to the facts to prove which he was called. It would then have been a question for the jury, whether the notes had or had not been paid. For the purpose of inquiring into this fact, the verdict must be set aside and there must be a

*New trial.*