### Nichols v. Smith.

In debt upon a judgment, no exception can be taken because the writ in the original action was not signed by the justice.

Debt. The writ contained two counts; the first founded upon a judgment recovered before a justice of the peace, and the second for money had and received.

The justice's signature to the original writ in the action, in which the said judgment was rendered, was in the hand-writing of the plaintiff's attorney. Before the writ was thus signed, the attorney had been expressly authorised by said justice to sign for him any writs, which the attorney might think proper to make and use. The justice was not present when the writ was signed.

At that time, and long before, it had been a general practice in this county for attorneys, having first obtained authority from a justice, to sign for him such writs as they might wish to use. Said Smith, with his attorney, appeared before the justice and pleaded the general issue, in common form, to the action. This issue was joined, a trial had upon it, and judgment rendered. No exception was taken to the writ, until after the rendition of judgment. It was not known to said Smith or his attorney, that the signature of the justice was in the handwriting of another person, nor would the writ have been supposed by them to be exceptionable, if they had had such knowledge, until long after this judgment was rendered. Unless made otherwise by the foregoing facts, said judgment is sufficient and valid in all respects.

It was agreed, that judgment should be rendered for the plaintiff, if he is entitled to recover upon the first count, otherwise the plaintiff, if he should so elect, should be permitted to go to trial upon the second count.

*Gates & Ticknor*, for the defendant.

The judgment declared upon in the first count is objected to because it was founded on a void writ.

In the Revised Statutes chap. 182 § 5, it is expressly declared, that writs issued by a justice of the peace shall be signed by him. The power to sign writs cannot be delegated. The original writ being void, all subsequent proceedings upon it are void, and consequently may be taken advantage of at any stage of the proceedings. Neither party can perform any act which would render a void act either voidable or binding. In *Kidder* v. *Prescott*, 4 Foster's Rep. 263, this question was fully considered.

In the proceeding before the justice the defendant did no more than was absolutely necessary for him to do in order to remove the cause from his jurisdiction, and therefore loses no right to which he was then entitled.

*Snow*, for the plaintiff.

The plaintiff is entitled to recover upon the first count in the writ, because :—

I. Pleading the general issue and going to trial thereon by the defendant in the original action before the justice, was a waiver of any exception to the signature of the justice, and an admission that the writ in that action was regular. The writ has answered its purpose, and it is now too late to take advantage of an irregularity in the signature of the magistrate. *Smith* v. *Whittier*, 9 N. H. Rep. 467; *Hanson* v. *Hoitt*, 14 N. H. Rep. 56; *Lovell* v. *Sabin*, 15 N. H. Rep. 39; *Smith* v. *Smith*, 15 N. H. Rep. 66.

II. The justice having had jurisdiction of the cause and the parties in the original action, the judgment rendered by him thereon, is at least valid and binding until it is vacated or reversed by due process. *Farwell's case*, 2 N. H. Rep. 125; *Gorrill* v. *Whittier*, 3 N. H. Rep. 269; *Smith* v. *Knowlton*, 11 N. H. Rep. 198.

BELL, J. The general jurisdiction of the justice over the

subject matter upon which this judgment is rendered and between any persons who may properly become parties to any such proceedings before him, is not questioned in this case.

The judgment of a court having jurisdiction of the subject matter of an action and of the parties to it, is to be regarded as valid and conclusive between those parties, when it is brought in question in any collateral proceeding; that is, in any proceeding not specifically adapted to reverse or avoid it, and it is not liable to be impeached by plea or proof in any such proceeding until it has been regularly reversed or set aside on error or appeal, or other appropriate proceeding for this purpose. *Morse* v. *Presby*, 5 Foster's Rep. 299; *Smith* v. *Knowlton*, 11 N. H. Rep. 191; *Wessen* v. *Chamberlain*, 3 Comst. 331; *Cook* v. *Darling*, 18 Pick. 393; *Pierson* v. *Catlin*, 18 Vt. Rep. 77; *Smith* v. *Keene*, 26 Maine 411.

Objections to the jurisdiction of courts fall under two classes; those which render the proceedings void, and those which render them merely voidable. Those which relate to the jurisdiction over the subject matter are generally of the class which render the proceedings merely void. Thus, if a justice of the peace should assume jurisdiction over a bill in equity, or a court of probate should try a real action, or if a private individual should take upon him to try any action, except when acting as an arbitrator, their proceedings and judgments would be simply void.

. But objections to the jurisdiction which relate merely to the persons of parties, to the proceedings by which they are brought into court, in general, only render the proceedings voidable, and not void. The general principle is, that a party may waive a right, which the law has provided for his particular benefit, *unusquisque renunciare potest jus pro se introductum*. *Carpenter* v. *Aldrich*, 3 Met. 58. And it has always been holden, that a party may waive any exception which he might take because of any failure to comply with

the law directing the mode by which parties are to be made defendants in legal proceedings. Rules were made at a very early period requiring the party, who desired to take advantage of any defect in the proceedings by which he was brought into court, to make his exception by a plea in abatement, or a proper motion, at the earliest stage of the proceedings in court. And it was settled long since that if a party neglected to take his exception at that stage of the cause he was deemed to have waived it, and to have closed his own mouth against objecting afterwards. *Simonds* v. *Parker,* 1 Met. 508.

It is in conformity to this principle that it has been always held, that a plea of the general issue, or any plea in bar, is a waiver of all pleas in abatement, and of all motions to quash process for defects of form or substance. *Ripley* v. *Warren,* 2 Pick. 292; *Carlisle* v. *Weston,* 21 Pick. 535; *Smith* v. *Whittier,* 9 N. H. Rep. 464; *Hanson* v. *Hoitt,* 14 N. H. Rep. 456; *Lovell* v. *Sabine,* 15 N. H. Rep. 29; *Smith* v. *Smith,* 15 N. H. Rep. 55.

And it is on the same ground that it is held, that nothing can be assigned for error which might have been pleaded in abatement. *Merrill* v. *Coggill,* 12 N. H. Rep. 97; 3 Bac. Ab. Error K. 5; *Nealley* v. *Moulton,* 2 N. H. Rep. 488.

It would seem too clear to be questioned, that if a waiver of such exceptions by pleading over, would preclude all questions in relation to them in a proceeding brought expressly to test their legality and sufficiency, it must be equally conclusive to shut out inquiry, when a judgment is assailed incidentally. *Smith* v. *Whittier,* 9 N. H. Rep. 564.

In the present case, the only objection suggested is that the writ was not signed by the justice. It is said, that the Revised Statutes chap. 182 §§ 4, 5, require that writs issued by justices of the peace shall be signed by them. This court have decided that writs signed by any other person than the justice himself, or by some person in his presence and by his direction, are invalid. *Kidder* v. *Prescott,* 4 Fos-

ter's Rep. 263. And a justice cannot confer upon any one authority to sign writs or other process with his name, in his absence, so as to make the process valid. Such writs are voidable as to all persons who choose to take exception in a proper time and manner, but they are not absolutely void so as to be incapable of confirmation. If the defendant waives the exception by pleading over, the objection is obviated forever.

Many decisions are found which establish this principle in cases closely analogous to this. Thus it has been held, that want of legal form in a writ, 1 Met. 508; want of indorsement, 3 Met. 58; want of any legal service, 9 N. H. Rep. 464; or service by a wrong officer, 21 Pick. 535; want of teste of the proper judge, 2 Pick. 592; want of the justice's signature, 15 N. H. Rep. 55; want of the clerk's signature, 15 N. H. Rep. 29; *Pepoon* v. *Jenkins*, Coleman 55; or of the seal of the court; *Foot* v. *Knowles*, 4 Met. 391; though required by law, and in some of the cases by the constitution, and therefore fatal exceptions, if seasonably taken by plea or motion, are waived by pleading over in bar, and cannot be taken advantage of afterwards. The case of *Smith* v. *Smith* may be regarded as directly in point in this case, and upon this question.

When a defendant, by waiving exceptions, has admitted himself rightly in court, it is thenceforth immaterial whether there was any writ, or what it was, or how it was served. By his appearance and plea he admits the jurisdiction of the court over him as a party. If the jurisdiction is admitted, the judgment cannot be questioned, except for want of jurisdiction of the subject matter.

*Judgment for the plaintiff.*