## JOSEPH BELL *versus* JOHN C. MORSE.

When one tract of land is, by mistake, conveyed, instead of another, by deed, the mistake cannot be corrected in a court of law.

A deed of land, by a mortgagee, will be held to pass nothing, unless it appear that the debt, secured by the mortgage, passed to the grantee.

THIS was a writ of entry, brought to recover a tract of land in Haverhill, containing about five acres, being the west end of house lot number 16, in horse meadow. The cause was tried here, at May term, 1831, upon the general issue, when it appeared that Samuel Wood, being seized of the demanded premise, on the 10th February, 1817, conveyed the same to Thomas

Morse, by a deed, which was recorded in the registry of deeds, *lib.* 70, *fol.* 459.

It further appeared, that, on the 9th May, 1820, Samuel Wood and his wife conveyed, to Thomas Morse, a tract of land, of about forty acres, being all the "house lot, No. 13, east of the main road, together with the buildings thereon, also the buildings on the north side of house lot No. 14, together with the wood yard, being in Haverhill aforesaid, in horse meadow." This conveyance was made by a deed, which was recorded on the 19 July, 1820, in the registry of deeds, *lib.* 81, *fol.* 354.

It also appeared, that, on the 26th February, 1821, Joshua Howard conveyed, to Thomas Morse, part of lot No. 12, adjoining the tract conveyed to him by Wood and wife.

On the 1st April, 1821, the said Thomas Morse, by a deed, which was recorded in the registry of deeds, *liber.* 87, *folio* 64, conveyed to James A. Morse, a tract of land, described in the deed as follows, "a certain tract or parcel of land situate in Haverhill, in horse meadow range, the same deeded to me by Samuel Wood, recorded *lib.* 70, *fol.* 459, with the exception of thirty feet in front, on the north corner, to run parallel with the line of my garden fence, to the easterly line of the lot I bought of Joshua Howard."

On the same day James A. Morse conveyed, to Thomas Morse, in mortgage, "a certain tract, or parcel of land in horse meadow, being the same said Morse deeded to me, this day, and the house and land my father now occupies."

On the 1st April, 1821, the father of James A. Morse occupied the said lot, No. 13, and a small part of lot No. 14, being the premises conveyed by Wood and wife to Thomas Morse, on the 9th May, 1820 ; but he never occupied any part of lot No. 16.

The reservation, mentioned in the deed from Thomas

Morse to James A. Morse, was, at the time of that conveyance, staked out on the north west corner of lot No. 13, adjoining the tract conveyed by Howard to Thomas Morse. The demanded premises are part of lot No. 16, and are one hundred and twenty rods distant from lot No. 13. There was no garden, nor building upon the demanded premises ; nor were the same premises ever in the possession of James A. Morse.

On the 12 May, 1825, James A. Morse conveyed to the demandant, a tract of land, described as follows, " a certain tract, or parcel of land in said Haverhill, being all that parcel which I purchased of Thomas Morse, by his deed to me, dated, April 1, A. D. 1821, and recorded in Grafton registry, *lib.* 87, *fol.* 64, being in horse meadow, and containing forty acres more or less."

On the 8th November, 1825, Thomas Morse conveyed to the tenant and another, whose title the tenant now has, a tract of land described as follows, a piece of land, about four acres, deeded to me by Samuel Wood, recorded *lib.* 70, *fol.* 459."

A verdict was taken for the demandant, subject to the opinion of the court upon the foregoing case.

*Cartland* and *Woods*, for the tenant.

RICHARDSON, C. J. delivered the opinion of the court.*

The question is, whether the deed of Thomas Morse, dated April 1, 1821, conveyed to James A. Morse the five acres, which had been conveyed to the grantor by Samuel Wood, or the forty acres, which had been conveyed to him by Wood and wife ?

It does not admit of a doubt that the tract of five acres is clearly designated, in that deed, as the granted premises. It is not the land conveyed to the grantor by Wood and wife, but the land conveyed to him by Wood, that is mentioned. And the land to be granted is further designated by a reference to the book and page where the deed, under which the grantor held

* Parker, J. having been of Council did not sit.

the land granted, was recorded in the registry of deeds. It is therefore beyond all question, that the tract of five acres, and nothing beside that tract, is described as the granted premises in that deed.

But there are circumstances in this case, which certainly render it not improbable that the land, intended to be conveyed by that deed, was, in fact, the forty acres.

One of these circumstances is, the fact, that a part of the forty acres, which was actually staked out by the parties, at the time, is excepted in that deed. Every one must at once perceive, that an exception, to have any force or effect, must be of a part of that, which would otherwise pass by the deed, and that, when one thing only is granted, to except another thing from the operation of the grant must be idle and nugatory.

And, in the mortgage, which was made at the same time and must be considered as part of the same transaction, although the land granted is described as the same land conveyed to the grantor, by the grantee, on the same day, yet, there is a further description in which the granted premises are stated to be the land which the father of James A. Morse then occupied. And it is found that the father of James A. Morse never occupied the five acres, but was in the occupation of the forty acres at that time.

It also appears that James A. Morse never went into possession of the five acres. And in his deed to the demandant, he describes the granted premises as a tract of forty acres, more or less.

Now these circumstances certainly go to countenance the conjecture, although the five acres are in fact granted by Thomas Morse's deed, still, the intention was, in truth, to grant the forty acres, and that the forty acres were understood by the grantee, in that deed, to have been conveyed to him.

But admitting it to be clear, beyond all doubt, that the description of the land granted in that deed is all mistake,

and that the forty acres, and not the five acres, were intended and understood by the parties to be granted, what is to be done in this case ? Even then, this will not be a case where some of the circumstances inserted in the description of the granted premises are false and mistaken, and where, when those circumstances are rejected, the thing intended to be granted may be clearly ascertained by the deed. But this is, in fact, a case where, if there be a mistake, it is in granting one tract of land instead of another tract. The description is all mistake ; and if we reject the whole description as false and mistaken, then nothing passes by the deed, and not only that instrument, but the mortgage also, will be wholly inoperative and void. Whatever else the intention of the parties to those deeds might have been, it is certainly not to be supposed their intention was, that they should be wholly inoperative.

There are cases, in which mistakes in deeds may be rectified in courts of equity. 2 Johns. C. R. 585, *Gillispie* v. *Moore* ; 4 Mason, 349, *Dunlap* v. *Stetson* ; 2 Cowen, 133 ; 1 Johns. C. R. 594 ; 2 Mason, 367 ; 3 Mason, 343.

But, in a court of law, where a particular tract of land is granted, by a deed, in clear and express terms, the grantor, and those claiming under him, are estopped to say that the land, thus described in the deed, was inserted by mistake, and that another tract, and not that, was intended to be granted.

Thus, in *Leland* v. *Stone*, 10, Mass. Rep. 459, where one conveyed, with warranty, divers parcels of land, one of which, not belonging to him, was inserted in the deed by mistake, it was held that he was bound by the warranty even in relation to the parcel inserted by mistake.

And in the case of *Barnes* v. *Learned*, 5 N. H. Rep. 264, there was a recovery of nominal damages, upon a covenant of warranty, with respect to a parcel of land inserted in the deed by mistake.

We are, therefore, of opinion that the demanded prem-

ises passed from Thomas Morse to James A. Morse, by the deed of April 1, 1821.

It appears that the tenant is in possession under a title derived from Thomas Morse. But Thomas Morse was only a mortgagee when he conveyed to the tenant. We have no doubt that, under certain circumstances, a conveyance of the land by a mortgagee will pass the debt secured by the mortgage. But there are certain cases in which a deed of the land, by the mortgagee, will pass nothing. Thus, where a note is secured by a mortgage, if the mortgagee has transferred the note ; he cannot afterwards convey the land. And we are of opinion, that it is not enough to show a deed from a mortgagee, in order to prove that the land passed, but it must be made to appear that the debt passed to the grantee. At least, it must appear that the mortgagee had a right to transfer the debt to the grantee. As no account is given of the debt secured by the mortgage, in this case, we think that the tenant is not entitled to hold the land against the demandant.