## DEARBORN *v.* TAYLOR.

A surety who pays the debt, and takes a conveyance of all the cred- itor's interest in land mortgaged to secure it, becomes, by substitution, in effect, the mortgagee for the security of his advances; and the debt and mortgage pass, by a residuary clause, in his will.

It seems that the conveyance by the creditor is, in such case, superfluous.

A conveyance of all the grantor's right in land, in which he has the interest of a mortgagee, before entry, passes nothing, without an assign- ment of the debt.

A release of dower, in a mortgage deed, works an estoppel, not only in favor of the mortgagee, and the direct assignees of the mortgage, but of those who become entitled, by equitable substitution, to its benefits.

WRIT OF DOWER, in which the demandant claims, as the widow of Simon Dearborn, deceased, to be endowed of the land described in her writ, of which she alleges that the said Simon died seized, &c.

The tenant pleaded that Simon Dearborn, in his life time, on the 26th day of August, 1818, by his deed of

that date in due form, conveyed the premises to the New-Hampshire Bank, in fee and in mortgage, for the purpose of securing the payment of a note dated on the 23d day of December, 1816, signed by himself as principal, and by Thomas Leavitt and Samuel F. Leavitt as sureties, for the sum of $700, with interest accruing upon that note from the 6th day of July, 1818, which note was payable to the bank in thirty days, with interest after; and that the demandant, then the wife of Simon, in consideration of the matters expressed in the deed, released her right of dower in the land conveyed :

That on the 22d day of October, 1821, Thomas Leavitt, one of the sureties named, having paid the bank the sum then remaining due on the note, being the sum of $800, that body corporate, by a deed duly executed and in court proffered, conveyed to Thomas Leavitt all their right, title and interest in the premises described in the deed of Dearborn, before mentioned. Whereupon Thomas Leavitt became seized of the premises, and so continued till his decease in 1829 :

That, by a residuary devise in the will of Thomas Leavitt, the premises passed to Thomas Leavitt, of Hampton, his grandson, whom he also made his executor, and who thereupon becoming seized, and so continuing, did, on the 14th day of January, 1845, by his deed, duly executed, &c., convey the same to the tenant, John Taylor, 3d ; and at the same time "delivered and assigned to the said Taylor all the evidence of the debt from said Simon Dearborn to said bank, which were, or ever had been, in the possession of either said Thomas Leavitt, or said Thomas Leavitt, of Hampton, the grandson."

The plea further alleged that Simon Dearborn was not, after his deed to the New-Hampshire Bank, at any time seized of the premises therein conveyed, &c.

To this plea there was a general demurrer.

Dearborn *v.* Taylor.

*Bell,* for the demandant, cited 1 Tur. & Rus. 234; 1 Ves. 339; 15 Johns. 319; 6 N. H. Rep. 25; 7 Greenl. 41; 16 Mass. 53; 7 Johns. 78.

*Emery,* for the tenant, cited Com. Dig., Estoppel, B; Co. Lit. 352, a; 2 N. H. Rep. 507, *Shephard* v. *Howard;* 1 Co. 112, *Albany's Case;* 5 Co. 71, *Hoe's Case;* Rev. Stat. 412; Co. Lit. 36, b; Theobald on Prin. and Surety 252, 253; Pitman on Prin. and Surety 113; *Parsons* v. *Briddock,* 2 Vern. 608; *Mayhew* v. *Crickett,* 2 Swanst. 185; 1 Wils. 418; *Capel* v. *Britter,* 2 Sim. & Stu. 457; *Hodgson* v. *Shaw,* 3 Myl. & K. 183; *Wright* v. *Morley,* 11 Vesey 12; *Craythorne* v. *Swinburne,* 14 Ves. 162; *Ex parte Crisp,* 1 Atk. 133; *Capis* v. *Middletown,* 1 Tur. & Rus. 224; *Bell* v. *Morse,* 6 N. H. Rep. 205; *Ellison* v. *Daniels,* 11 N. H. Rep. 283.

GILCHRIST, J.   The land on which dower is claimed in this suit was conveyed by the demandant's husband, on the 6th of August, 1818, to the New-Hampshire Bank, in mortgage, and the demandant was party to that conveyance, and released her dower.   She is, therefore, estopped to demand it against any party who has the rights of the mortgagee in the land, but, as against others, her release is no bar.   It therefore becomes material to inquire whether the plea, the allegations of which are confessed by the demurrer, shows that the defendant has the rights that were conveyed to the bank by the mortgage.

Thomas Leavitt, who was one of the sureties upon the note which the mortgage was given to the bank to secure, on the 22d day of October, 1821, paid the debt.   The consequence was that he had the right of a surety to become substituted in the place of the creditor, with respect to all liens and securities previously acquired by the latter, and of course to the benefits of this mortgage; for it is a doctrine of equity that all payments or securities

taken by the creditor of the principal debtor, are for the benefit of the surety, if he pay the debt. Story's Eq., secs. 493 to 500 inclusive.

The bank that was the creditor recognized the surety's right, and, whether necessarily or not, made a formal assignment of the mortgage to Thomas Leavitt. The note was not assigned, and the surety had no right to demand it, and did not require it; for, by the payment and by taking an assignment, he was mortgagee in effect, for the amount which he had paid. Story's Eq., sec. 493. There was no debt to be transferred by the bank; for, by paying that debt and extinguishing it, another, *ipso facto*, came into being from the principal debtor, Dearborn, to Leavitt, by force of the relations between the parties, and by the law, which not only implied an assumpsit of the debtor to indemnify the surety, but subrogated the latter to the rights and position of the original creditor, as it regarded the mortgage.

Thomas Leavitt, being thus in effect a mortgagee by substitution, and a creditor of Dearborn, made his will; by which the undevised residuüm of his estate, including this mortgage, passed to his grandson, Thomas Leavitt, of Hampton, who of course sat in the seat of his ancestor and testator in respect to it. He was also executor of the will, and proved it on the 14th day of April, 1830.

It does not appear that either of the parties, holding the rights acquired by the bank under the mortgage, had ever entered the land to foreclose, or for any other purpose.

On the 14th day of January, 1845, Thomas Leavitt the younger, by his deed, in due form for conveying land, "granted and assigned to the defendant, his heirs and assigns, all the right, title and interest which Thomas Leavitt had at the time of his decease, or that Thomas Leavitt, the grantor, had at the date of the deed, as residuary legatee of Thomas Leavitt, deceased, of and in the

messuage and tenements aforesaid, to have and to hold,"
&c. "And then and there the said Thomas Leavitt, the
younger, delivered and assigned to the said Taylor, the
defendant, all the evidence of debt from the said Simon
Dearborn to the said bank, which were, or ever had been,
in the possession" of either of the Leavitts.

If, by the evidence of the debt from Simon Dearborn to
the bank, is here signified, as is probable, the note which
the surety Leavitt had paid, and the plea is to be under-
stood to allege that that note was transferred to Taylor,
the fact seems wholly immaterial, as it regards the real
question in the case ; for it is distinctly stated in the plea
that the note was paid, and the debt extinguished, and is,
by inference, as clearly indicated that the mortgage
which the Leavitts successively held was not a mortgage
to secure the payment of that note, but to secure the in-
demnity of the surety who had paid it.

The question is, whether, by the terms of the deed from
Thomas Leavitt, the younger, to the defendant, the in-
terest of the grantor, as mortgagee or successor, by the
course that has been described, to the rights of the mort-
gage in the land, passed.

In *Bell* v. *Morse*, 6 N. H. Rep. 205, there was an inti-
mation that such might be the effect of such a convey-
ance.     In *Ellison* v. *Daniels*, 11 N. H. Rep. 274, that
suggestion was resisted, and it was held that a deed, in
the circumstances supposed, would have no such effect,
unless it was shown that the note secured by the mort-
gage was, at the making of the deed, in the possession of
the grantor; and in *Smith* v. *Smith*, 15 N. H. Rep. 64, it
was finally determined, upon consideration of the precise
point, and an examination of the authorities, that a con-
veyance of the land by a mortgagee, or one having his
estate and interest, was wholly without effect to vest any
interest whatever in the party to whom the conveyance
was made, unless accompanied by an assignment of the
debt.

Dearborn *v.* Taylor.

Upon a review of the reasons assigned in that case, no sufficient reason appears for qualifying the terms of the decision, or for reviewing the queries suggested in the earlier cases of *Bell* v. *Morse* and *Ellison* v. *Daniels*.

The result therefore is, that the title of the defendant is defective for want of an assignment of the debt by his grantor, and the demurrer must be sustained.

There appears, however, to be still a valid mortgage outstanding, to which the defendant may be entitled, and the conveyance which he sets up may have been designed to operate as an assignment of it. In that case a continuance should be granted, to afford him an opportunity to get in the mortgage, and perfect his title and his defence, by a suitable assignment from Thomas Leavitt, if he still hold it.

In such an event it would seem that he would stand in the place of the original mortgagee, as well with respect to the demandant here, as with respect to any other party claiming under her husband.

There is no ground for the distinction suggested in the argument, between a direct assignment of a mortgage by deed, or other act of the mortgagee, and the assignment by force of the equitable rule that lets in the surety to the rights of the creditor.

There is as much reason that the dowager should be affected by that equity, as that the principal party to the deed in which she joined, should submit to it. No authority is shown for the distinction urged.

*Demurrer sustained.*