### WENTWORTH & WIFE v. REMICK.

Husband and wife should join in a writ of entry to recover possession of land which was conveyed to them both during their natural lives.

THIS was a writ of entry, wherein plaintiff demanded possession of a tract of land in Jefferson, in this county. The demandants counted upon their joint seizin of said premises, as of freehold, and upon the disseizin by the defendants within twenty years, &c. Defendant's plea was the general issue, with a brief statement setting forth the defendant's claim for betterments.

Plaintiffs claimed the premises by virtue of a deed from Otis Wentworth, father of John, to said John and wife, dated Nov. 8, 1843.

Said deed recites, that in consideration of love and affection to the said John and Abigail, the said Otis, with the covenant of warranty, conveyed the aforesaid premises to them "to hold the same during their natural lives, and then to be the property of their oldest male heir, now in the second year of his age, provided he should be living at the time of their decease, and if he should not be living at that time, the property shall be equally divided among John Wentworth's heirs."

The defendant insisted that this action could only be maintained by the husband, and not by both husband and wife.

The court overruled this objection—defendant excepted. The jury found a verdict for plaintiffs, and also allowed the defendant for betterments. Questions of law reserved.

*Burns & Fletcher*, for plaintiffs.

*Ray, Benton*, and *Heywood*, for defendant.

SARGENT, J. As a general rule, joint tenants having a unity of title and of interest as well as of possession, must join in a suit relating to their joint property, while tenants in common having only a unity of possession, but with distinct titles and interests, must sever. 1 Ch. Pl.

12, 13 ; 1 Black Com. 180, 191 ; 4 Kent's Com. 357, *et seq.* ; *Campbell* v. *Wallace*, 12 N. H. 370 ; *Hills* v. *Doe*, 6 N. H. 328 ; *Rand* v. *Dodge*, 12 N. H. 68.

A conveyance to husband and wife in fee, does not create a joint tenancy, technically speaking, but the estate is much more like a joint tenancy than a tenancy in common. All the unities that exist in a joint tenancy exist in this estate, only they are more indissoluble here than in that estate ; a joint tenancy may be terminated by partition which severs the unity of possession, or by alienation which severs the unity of title, or by any act that severs either of the unities of time or interest. But in a deed to husband and wife, they take, each, not *per my et per tout*, as in joint tenancy, but *per tout* only. They being in law but one person cannot take by moieties, but are both seized of the entirety, so that during their joint lives neither of them can aliene, so as to bind the other, nor does the attainder of the husband affect the right of the wife, nor is their estate affected at all by the statutes of partition.

The right of survivorship, the *jus accrescendi*, belongs to the estate vested in husband and wife, the same as in joint tenancies, but with the difference already noticed that this right in the former case is not liable to be defeated in any of the ways, in which it may be defeated in joint tenancies by a severing of any of the unities. So that if there is any good reason why joint tenants should join in a suit where tenants in common should not, the same reasons would exist in still stronger force why the husband and wife should join in a similar suit. Nor do the statutes of the several States, abolishing or restricting joint tenancies, apply to or affect this joint estate of husband and wife. 4 Kent's Com. 362 ; 1 Black Com. 182 ; Coke Lit. 187 ; *Brownson* v. *Hall*, 16 Vt. 312 ; *Titus* v. *Ash*, 24 N. H. 328 ; *Shaw* v. *Hearsay*, 5 Mass. 520 ; *Wright* v. *Saddler*, 20 N. Y. (6 Smith) 320.

Since, then, this is not only a joint estate during the life of both, but the wife, if she survived the husband, has the whole estate for her life, and this right of survivorship in the wife, as well as her present interest, cannot be defeated in any of the ordinary modes of defeating joint tenancies, the right of action would of course survive to the wife after the decease of the husband, and the general rule is that in all cases where the cause of action by law survives to the wife, the husband and wife must join, and he cannot sue alone. *Clapp* v. *Stoughton*, 10 Pick. 469 ; Saund. Pl. & Ev. 567 ; *Dunstan* v. *Barwell*, 1 Wils. 224 ; *Schoonmaker* v. *Elmendorf*, 10 Johns. 49 ; *Fuller* v. *Railroad Co.*, 21 Conn. 573.

Under the deed in this case these plaintiffs had a joint estate of freehold during their joint lives and the life of the survivor, with remainder to the oldest male heir of the two, if living at the time of their decease, otherwise to John Wentworth's heirs generally. The wife had a joint interest with her husband, and was jointly seized with him of the premises in question, with the right of survivorship in the wife for her life, if she outlived her husband, and was properly joined with him in the suit.

*Judgment on the verdict.*